The opinion of the Court was delivered by
Nott, J.
The clause ia the covenant which requires the security to be such as the plaintiff shall approve, was not intended to put it in his power capriciously to reject any security that might be offered, and thereby put an end to the contract, when the defendant, had done every thing on his part to carry it into execution. But it certainly gave him as great a latitude of discretion, in that respect, as was consistent with the nature of the transaction. He was not bound to suspend his whole fortune on a rope of sand. He was not bound to accept any person, whose present circumstances or future prospects rendered his situation, at least, doubtful. He had given a credit of four years. He was authorized, therefore, not only to inquire into the present state of his property, but also into his habits of economy and industry, and to ascertain what it would probably be at the end of that period. It then became a question for the consideration of the jury, not whether General Alston was insolvent, but whether the plaintiff, by rejecting him, had evidenced a fixed and arbitrary determination to put an end to the contract, whether the defendant performed his part or not. It was not incumbent on the part of the plaintiff to show that the security was inadequate. The burden of proof lay on the defendant. But the testimony is before us, and it is now to be decided, whether the jury have so far mistaken it, as to authorize this Court to interfere and set aside the verdict ?
Two witnesses were of opinion the security was insufficient. One witness said General Alston was a man of large property, but was much involved. Another said he knew but little of his affairs. His particular friends were of opinion he was able to pay his debts, and have something handsome left. This was the whole of the evidenee given on the trial. Can it be said that the jury ought on such evidence to have given a verdict for the defendant? The argument has gone on the mistaken ground, that the plaintiff was bound to accept the security, unless it had been shown that he was actually insolvent.
The verdict was perfectly consistent with the evidence, and the motion must be refused.
The case of John L. Wilson v. E. S. Thomas, depending on the same evidence, the motion in that case must also be refused.
Coloook, Cheves and Johnson, JJ., concurred.